IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| TANNA LATISHA SUGGS, | ) | Case No. 05-41416 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TANNA LATISHA SUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-4126 |
| | ) | |
| REGENCY FINANCIAL CORP., | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION**

Before the court in this adversary proceeding is a motion for new trial or amendment of an order, filed by Tanna Latisha Suggs ("Debtor"). The order from which Debtor seeks relief was entered by this Court on October 6, 2006 ("Order"), in conjunction with the motion to dismiss filed by Regency Financial Corp. ("Regency") and Debtor's motion for summary judgment. This Court has jurisdiction of the motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b)(1). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2) or a non-core proceeding which this Court may hear and determine pursuant to consent of the parties contained in the pleadings. This ruling contains the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For all the reasons indicated, the Court denies Debtor's motion for new trial or amendment of the Order.

## I. FACTUAL BACKGROUND

The essential facts relating to the motion for new trial are undisputed. Regency holds a lien on a 1998 Ford Windstar pursuant to a Motor Vehicle Sales Contract and Purchase Money Security Agreement executed by Debtor in favor of Finance Plaza on July 31, 2004 and subsequently assigned to Regency.[1] Regency's security interest was perfected by the notation of that interest on the vehicle's Certificate of Title.[2]

Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on March 8, 2005. In April 2006, Regency obtained information that the insurance coverage Debtor was contractually obligated to maintain on the vehicle had lapsed. On April 11, 2006, Michelle Fox, General Counsel for Regency, sent a letter to Debtor with a demand that insurance coverage be

---

[1] Motion of Regency Financial Corporation for Relief from the Automatic Stay ("Motion for Relief"), ¶ 1.

[2] Motion for Relief, ¶ 1.

provided on the vehicle before April 16, 2006, citing this Court's Local Rule 4070-1.D.[3]

Regency received no response to the April 11 letter and sent another letter, dated April 21, 2006 to counsel for the Debtor advising that no evidence of insurance coverage had been provided and that Regency would exercise its rights if such evidence was not provided by April 24, 2006.[4] No response was made to the April 21, 2006 letter by Debtor or her counsel.[5] On May 2, 2006, at approximately 8:30 p.m., Regency repossessed the vehicle.[6]

On May 4, 2006, Debtor filed a complaint initiating this adversary proceeding. The

---

[3] Affidavit of Michelle A. Fox, ¶ 4, attached as Exhibit A to Defendant's Reply Suggestions in Support of Motion to Dismiss and Suggestions in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter "Fox Affidavit").

Local Rule 4070-1.D. states in pertinent part as follows:
D. For a motor vehicle retained by debtor and subject to a creditor's allowed secured claim. . . if debtor fails to provide proof of insurance or for any reason insurance terminates, debtor is enjoined from using the vehicle so long as it is uninsured and the following applies:

1.  The secured creditor shall serve debtor, personally or by mail, at the address in the bankruptcy petition, and debtor's attorney, written notice of the lapse of insurance.

2.  If debtor fails to provide the creditor proof of insurance within three business days after service of the notice in subsection (1), debtor shall surrender the vehicle or the secured creditor may take possession and hold it pending presentation of proof of insurance.

3.  Within five days after taking possession of a vehicle pursuant to subsection (2), the creditor shall file a motion for lift of stay, with an affidavit stating compliance with this Rule. The Court may grant the creditor relief from § 362 without further hearing or notice.

[4] Fox Affidavit, ¶ 5.

[5] Fox Affidavit, ¶ 6.

[6] Fox Affidavit, ¶ 6.

3

complaint asserts four claims, all of which are predicated upon Debtor's contention that Regency violated the automatic stay: (1) violation of the automatic stay; (2) conversion; (3) negligence; and (4) violation of Debtor's civil rights.  On May 5, 2006, Regency filed the Motion for Relief reciting that the insurance coverage on the vehicle had lapsed, that Debtor had failed to respond to its written demands for replacement coverage and that it had seized the vehicle and requesting relief from the automatic stay pursuant to Local Rule 4070-1.D.  The affidavit required by the rule did not accompany the Motion for Relief but was filed with the Court on June 1, 2006.  On May 9, 2006, Debtor filed her objection to the Motion for Relief alleging, among other things: (1) that Regency violated Debtor's rights under § 362(a) in repossessing the vehicle; (2) that Regency had failed to comply with the provisions of the local rule; and (3) that the local rule violated Debtor's constitutional rights, was inconsistent with § 362(a) and is therefore invalid under Rule 9029 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 2075.  A hearing was held on the Motion for Relief on June 5, 2006 at which time the motion was granted.  On that same date, the Court entered a text order granting the motion.  Regency filed a motion to dismiss the adversary on June 29, 2006 and Debtor filed a motion for summary judgment on August 23, 2006.  On October 6, 2006, by way of oral ruling, the Court found that Debtor was estopped from re-litigating the issues of Regency's compliance with and the validity of Local Rule 4070-1.D. as the Court's prior order granting relief from stay necessarily resolved those issues in Regency's favor.  Based on this finding, the Court granted Regency's motion to dismiss and denied Debtor's motion for summary judgment.  It is this Order which Debtor now seeks to alter or amend pursuant to Rules 59(a) or (e) or 60(b).

## II.  DISCUSSION

**A. Standards for Relief Under Rules 59(a) and (e) and 60(b)**

Debtor seeks a new trial or amendment of the Order pursuant to Rules 59(a) and (e) and 60(b) of the Federal Rules of Civil Procedure, which are made applicable to bankruptcy proceedings by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure.  Rules 59(a) and (e) and 60(b) allow the bankruptcy court to alter, amend, or vacate a judgment after its entry or, in limited circumstances, reconsider a substantive aspect of a previously issued determination.  *NationsBank v. Blier (In re Creative Goldsmiths)*, 178 B.R. 87, 90-91 (Bankr. D.Md.1995). One of the primary purposes of a Rule 59(e) or 60(b) motion is to permit the correction of any manifest errors of law or misapprehension of fact.  *In re DEF Investments, Inc.*, 186 B.R. 671, 680 (Bankr. D.Minn.1995).   "A manifest error of law is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent'." *Elza v. United States of America*, 335 B.R. 654, 657 (Bankr. E.D.Ky.2006) *citing Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000).   "A motion under Rule 59(a) in a non-jury case should be based upon a manifest error of law or a mistake of fact, and a judgment should not be set aside except for substantial reasons." *In re Jones*, 112 B.R. 975, 976 (Bankr. W.D.Mo.1989) *citing* 11 Wright & Miller Federal Practice and Procedure § 2804; *Solar Labs v. Cincinnati Advertising Products Co.,* 34 F.Supp. 783 (D. Ohio 1940), *appeal dismissed*, 116 F.2d 497 (6th Cir.1940).  Rules 59(a) or (e) and 60(b) are not designed to provide an avenue for a disappointed party to relitigate a matter previously decided by the court, or to introduce new evidence, tender new legal theories, or to raise arguments which could have been offered prior to entry of the order.  *United States of America v. Metropolitan St. Louis Sewer District,* 440 F.3d 930, 933 (8th Cir.2006); *Bannister v.*

*Armontrout*, 4 F.3d 1434, 1440 (8th Cir.1993); *Jones*, 112 B.R. at 977. "Attempts to 'take a second bite at the apple' or pad the record for purposes of appeal are thus beyond the scope of Rules 59 and 60." *DEF Investments*, 186 B.R. at 681. When issues have been carefully analyzed and a judgment has been rendered, only a change in the law or the facts upon which the court's decision was based, will justify reconsideration of a court's previous order. *Id. citing Mannings v. School Bd. of Hillsborough County, Fla.*, 149 F.R.D. 235, 235 (M.D.Fla.1993). Relief afforded by Rules 59 and 60 is granted sparingly and is properly viewed as an extraordinary remedy. *See Kieffer v. Riske (In re Kieffer-Mickes, Inc.)*, 226 B.R. 204, 210 (B.A.P. 8th Cir.1998); *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir.1992).

### B. Asserted Grounds for Relief from the Judgment

Debtor argues that she should be granted relief pursuant to Rules 59(a) and (e) because the Order is based upon manifest errors of law, namely that Regency failed to request retroactive relief so the Court should not have granted it, that the Court erroneously applied the doctrine of collateral estoppel and that Local Rule 4070-1.D. does abridge, enlarge or modify substantive rights and is therefore unenforceable. Debtor attempts to bootstrap Rule 60(b) as an alternative means for relief by stating in a conclusory fashion that because the Order is based on a manifest error of law, there is a "sufficient mistake" or "other reason" justifying relief from the Order. In the motion, Debtor raises a new legal theory regarding a request for retroactive relief, which the Court rejects, and asserts two arguments, both of which have already been litigated and decided. This is an obvious instance of a disappointed party attempting to "take a second bite at the apple," via a Rule 59 or 60(b) motion. Debtor presents no new evidence or no arguments which could support a finding that the Court's Order is based on a "wholesale disregard, misapplication

or failure to recognize controlling precedent." Although the Court finds that Debtor failed to establish any grounds for relief under either Rule 59(a) or (e) or 60(b), it will address the substantive aspects of each of Debtor's arguments below.

    1.  Request for Retroactive Relief

Debtor's initial argument is that the Court lacked jurisdiction to grant relief because the law requires a party seeking retroactive relief to specifically request it in the motion, and Regency failed to make this request. This is a new argument which cannot be raised for the first time on a motion pursuant to Rule 59(a) or (e) or 60(b). *See Jones*, 112 B.R. at 977. Even if the Court were to consider this argument, it fails because Debtor's recitation of the law is simply incorrect. Debtor relies on *In re Vierkant*, 240 B.R. 317, 325 (B.A.P. 8th Cir.1999) and *In re Carter*, 240 B.R. 767, 769 (Bankr.W.D.Mo.1999) as authority, however, neither case holds that a specific request for retroactive relief must be made for a court to render such relief. In fact, in *Carter*, there was never a specific request for retroactive relief. Rather, the court interpreted the adversary complaint, pleadings and counsel's statements at trial as a request for retroactive relief and then determined that retroactive relief was warranted based on the facts of the case. *See Carter*, 240 B.R. at 769-70. In *Vierkant*, unlike the facts in this case, the party who violated the automatic stay never made a request for relief from or annulment of the automatic stay. Thus, it is not surprising that the court found the actions taken in *Vierkant* in violation of the automatic stay were void. Here, Regency did request that the stay be lifted pursuant to § 362(d) in its Motion for Relief. Although Regency may not have used the precise words "annul" or "retroactive relief" in its motion, the fact that Regency was seeking relief pursuant to Local Rule 4070-1.D., which specifically grants permission to seize collateral under certain circumstances

and then file a motion for relief, necessarily implies that a request for relief, pursuant to that local rule, is in essence a request for retroactive relief.

Even the Debtor seems to finally grasp this reality in her motion when she asserts that the only way that the Court's decision makes sense is for the Court to pronounce that a party seeking relief under the local rule is deemed to have made a request for retroactive relief. Given the context, this is necessarily the case. The rule authorizes the seizure of the collateral upon certain conditions assuming that a subsequent motion is filed. The purpose of that subsequent motion is both to validate the seizure and to authorize a sale of the motor vehicle. It would be unnecessary and superfluous to require a party filing a motion pursuant to the provisions of this rule to specifically request that the relief be made retroactive to the date of seizure.

      2.      Collateral Estoppel

Debtor's next contention, and asserted basis for relief under Rules 59(a) or (e) or 60(b), is that the Court improperly applied the doctrine of collateral estoppel. It is well settled under the collateral estoppel doctrine that four elements must exist to bar relititgation of a factual issue in a subsequent proceeding:

    (1) the issue sought to be precluded must be the same as that involved in the prior action;

    (2) the issue must have been litigated in the prior action;

    (3) the issue must have been determined by a valid and final judgment; and

    (4) the determination must have been essential to the prior judgment.

*Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir.1991); *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983). When making the determination that an issue was actually litigated and was necessary to the decision in the prior proceeding, the court should examine the entire

record of the earlier case. *Miera,* 926 F.2d at 743.  Collateral estoppel may only be applied if the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in the prior adjudication. *Id. citing Lovell*, 719 F.2d at 1376.

Debtor argues that the Court erroneously applied the doctrine of collateral estoppel when it found that, because Regency's Motion for Relief from stay was granted pursuant to this Court's Local Rule 4070-1.D., that Debtor could no longer litigate the issue of whether the stay was violated prior to the entry of that order.  Debtor argues that whether Regency was granted relief from the stay and whether it violated the automatic stay are not the same issues, therefore collateral estoppel should not have been implicated, and the Order is thus based on a manifest error of law.

Debtor is correct that whether Regency violated the automatic stay and whether it is entitled to relief from the automatic stay to repossess and sell the vehicle are not the same issues. That observation, however, misses the mark under the circumstances.  Debtor admits that all of her claims are predicated upon demonstrating that Regency violated the automatic stay.  If Regency's actions were validated by an order of this Court granting it relief from the automatic stay, then it did not violate the automatic stay.  Debtor's response to Regency's defense that it obtained relief from the stay to repossess and sell the vehicle, is that Regency cannot rely upon its invocation of the local rule because it failed to comply with that rule and because the rule is inconsistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  These defenses were, however, raised in her answer to Regency's Motion for Relief and were necessarily rejected by the Court.  If Debtor is thus estopped to make these responses, Regency's defense to Debtor's claim for violation of the automatic stay is unrebutted.  Debtor's

9

claim for sanctions for violation of the automatic stay thus fails, along with each of her other claims.

The Court's application of collateral estoppel in this case is consistent with the requirements of the doctrine. The issues that the Court's Order precludes from being re-litigated are Regency's compliance with Local Rule 4070-1.D. and the validity and enforceability of that rule. Both issues were raised in Debtor's objection to Regency's Motion for Relief, and were necessarily resolved against Debtor by the Court's order granting relief from the automatic stay. Thus, the issues determined to be precluded from being relitigated are the same as those involved in the prior proceeding.

Regency's compliance with, and the validity of, Local Rule 4070-1.D were actually litigated in the prior proceeding. In fact, Regency's compliance and Debtor's non-compliance with the local rule were the sole issues raised by Regency in the Motion for Relief and at the hearing. Therefore, although Debtor raised other defenses in her opposition to the motion, which were necessarily rejected when the motion was granted, the sole basis for the Court's order granting relief from stay was compliance and non-compliance with Local Rule 4070-1.D. Debtor's primary objections to Regency's motion were that Local Rule 4070-1.D. is invalid, that Regency did not comply with the provisions of the local rule and that Regency violated the automatic stay when it repossessed the vehicle. The parties appeared at the hearing, and the transcript, as abbreviated as it was, reveals that the only arguments made centered on whether Debtor had complied with the provisions of the local rule. Had Regency not complied with the local rule, it would not have been granted relief from the stay. Similarly, had the Court determined that the local rule was invalid and thus unenforceable, it would not have granted

relief solely on that basis. Regardless of Debtor's decision not to raise and argue these points at the hearing, because they were specifically raised as objections to Regency's Motion for Relief, and because both parties appeared at the hearing and were offered the opportunity to argue their points, the issues were actually litigated. For the same reasons, the Court concludes that Debtor had a full and fair opportunity to litigate the issues.

On a motion for relief from automatic stay, the only issues are whether the movant has a claim secured by an interest in property of the estate and has demonstrated cause for relief. In this instance, Regency's cause for relief was based solely on its compliance with and Debtor's non-compliance with the local rule. After reviewing the pleadings and considering the arguments made at the hearing, the Court determined that Regency was in compliance with the local rule, that Debtor was not in compliance, and that Regency was, therefore, entitled to relief from the stay. The Court entered a text order granting Regency relief, pursuant to Local Rule 4070-1.D. An order granting relief from the automatic stay is a final order. *In re Montgomery,* 262 B.R. 772, 773 (B.A.P. 8th Cir.2001) *citing In re Tetherow*, 16 F.3d 1228 (8th Cir.1994); *In re Belland*, 261 B.R. 224, 225 (B.A.P. 8th Cir.2001), *Cf. In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir.1989) and *In re Leimer*, 724 F.2d 744, 745 (8th Cir.1984) (order denying motion for relief from stay is final and appealable.).

Regency's compliance and Debtor's non-compliance and the validity and enforecability of Local Rule 4070-1.D. were essential to the order granting Regency relief. The Court could not have granted Regency relief from stay absent the evidence regarding Debtor's non-compliance and Regency's compliance, as there was no other basis for relief before the Court. Similarly, if the rule were invalid and unenforceable, relief could not have been granted. The

Court's application of collateral estoppel to preclude Debtor from relitigating the issues of compliance with and validity of the local rule, which necessarily prevents Debtor from litigating the question of whether the stay was violated, was justified and proper. These issues were actually litigated and the order determining them has long since become final. Debtor did not appeal or otherwise seek relief from that order. It is therefore binding upon her and she may not now attack it in an attempt to negate Regency's defenses to the claims asserted in her complaint.

       3.      Local Rule 4070-1.D.

Although the issue of the validity and legitimacy of Local Rule 4070-1.D. has already been decided by the order granting Regency's Motion for Relief, thus taking it out of the realm of issues proper for a Rule 59(a) or (e) or 60(b) motion, Debtor indirectly raises it again as a basis for her motion for new trial or amendment of the order. Despite the Court's previous ruling, Debtor still contends that the rule is inconsistent with the provisions of § 362 in that it authorizes a creditor to take actions which would otherwise be in violation of the stay without first obtaining an order. This Court, as the Court did previously, disagrees and rejects Debtor's argument. First, as noted, this issue was specifically raised by Debtor in her objection to Regency's motion. Because Regency sought relief exclusively under the provisions of the local rule, if that rule were invalid, the Court would not have granted the Motion for Relief. Notwithstanding this contention, however, the Court granted Regency's motion. It therefore necessarily overruled Debtor's claim about the legitimacy of the rule. Because this question was actually litigated and decided in a final order of the Court which was not appealed or vacated, Debtor is bound by that order and estopped from re-litigating the question of the rule's validity.

Even if the Court were to find that Debtor was not barred from raising this issue, it would

reject the claim as being without merit. A local rule may be upheld against challenge if it is consistent with the Bankruptcy Code and therefore does not abridge, enlarge or modify any substantive right and it is not inconsistent with the Federal Rules of Bankruptcy Procedure. *See In re Canal Street Ltd. P'ship*, 269 B.R. 375, 382 (B.A.P. 8th Cir.2001). The Court believes this Court's Local Rule 4070-1.D. passes both tests. Debtor's contention that the Bankruptcy Code does not authorize relief from stay without prior motion is simply incorrect. Among the things the Court is authorized to do upon request pursuant to § 362(d) is to enter an order annulling the automatic stay. The effect of such an order is to grant relief retroactively, validating an action which might otherwise have constituted a violation of the automatic stay. *In re Batton*, 308 B.R. 406, 409-10 (Bankr. W.D. Mo.2004) *citing In re Adams*, 215 B.R. 194, 195-96 (Bankr. W. D. Mo.1997); *see also e.g.*, *In re Smith*, 245 B.R. 622 (Bankr. W.D. Mo.2000); *In re Major*, 218 B.R. 501, 503 (Bankr. W.D. Mo.1998); *Eastern Refractories Co., Inc. v. Forty-Eight Insulations, Inc.*, 157 F.3d 169, 172 (2nd Cir.1998) ("an order 'annulling' a stay does have retroactive effect, and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio*."). This is precisely what is authorized by this Court's Local Rule 4070-1.D. The creditor's action of repossessing a motor vehicle upon the occurrence of the events described in the local rule is validated by the filing of a motion that complies with the local rule. The Court therefore essentially annuls the automatic stay and retroactively validates the repossession. A rule authorizing the creditor's action and the entry of such an order is therefore not inconsistent with § 362. It, therefore, does not abridge, enlarge or modify substantive rights.

Debtor's contention that a rule authorizing action by a creditor without notice and hearing is invalid is similarly incorrect. The Bankruptcy Code contains a provision authorizing

13

relief from the automatic stay on an ex parte basis under certain conditions. Section 362(f) authorizes the Court on motion to enter an order granting relief from the stay without notice and hearing if necessary to prevent irreparable damage to an entity's interest in property before there is an opportunity for notice and a hearing. Rule 4001(a)(2), which implements that subsection, authorizes the Court to grant such a motion without notice if an affidavit or verified motion demonstrates irreparable injury would occur, details the efforts made to give notice and describes why notice should not be required. The rule then requires that the movant give immediate notice of the entry of the order and authorizes the opposing party to obtain a hearing on two days' notice on a request for reinstatement of the stay.

Local Rule 4070-1.D implements the authorization given by § 362(f) and Rule 4001(a)(2) in the context of a claim secured by a motor vehicle when a debtor has failed to provide evidence of insurance. The provisions of the local rule closely parallel those of Bankruptcy Rule 4001. Obviously, uninsured collateral could be completely destroyed causing irreparable injury to a creditor's interest in the collateral by rendering it valueless. Courts have consistently held that adequate insurance is an element of adequate protection, the absence of which constitutes grounds for relief from automatic stay. The local rule requires that a creditor seeking to invoke its provisions have first given notice to the debtor and counsel of the lapse with opportunity to cure. In the absence of cure, the creditor is authorized to take possession of the vehicle. The creditor is then required within five days subsequent to repossession to file a motion with an affidavit establishing compliance.

Like Rule 4001(a)(2), this Court's local rule requires that the movant demonstrate cause for the issuance of the requested relief by way of an affidavit or verified motion. The local rule

does not actually authorize relief without notice to the debtor in that it requires that the movant notify the debtor of the lapse or termination of insurance, of the debtor's opportunity for a cure and of its right to seize the vehicle if no cure is effected.  Although the rule does not contemplate a hearing, in this instance, Debtor obtained one.  Pursuant to this Court's practice, debtor's counsel would receive immediate email notification of the entry of the order granting relief from automatic stay and counsel for the movant would be directed to serve a copy of the order on debtor and debtor's counsel.  Although the local rule does not ensure expedited consideration of a motion for reinstatement of the stay, it is unlikely that this Court would deny such a request.

The Court does not find the provisions of the local rule to be inconsistent with either the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure in any material respect.  Both authorize retroactive relief from the automatic stay and stay relief without prior notice or hearing in circumstances substantially identical to those described in the local rule.

In summary, the Court finds that the Order is not based on manifest errors of law, and thus the Debtor has failed to show that relief from the Order is warranted pursuant to either Rule 59(a) or (e) or Rule 60(b).  For all of the above reasons, the Court denies Debtor's motion for new trial or to amend the Order.

A separate Order will be entered in accordance with Bankruptcy Rule 9021

DATED:    November 30, 2006                    /s/ Dennis R. Dow
                                                                            HONORABLE DENNIS R. DOW
                                                                            UNITED STATES BANKRUPTCY JUDGE

Copies to:
Louis J. Wade
R. Todd Wilhelmus